UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X          **Civil Action No.:**

GRACE BOZICK,

*Plaintiff,*

        -against-          # COMPLAINT

CONAGRA FOODS, INC., CONAGRA BRANDS, INC.
F/K/A and Successor in Interest to CONAGRA FOODS,          Jury Trial Demanded
INC.,

*Defendants.*

-----------------------------------------------------------------X

Plaintiff, GRACE BOZICK, by and through counsel, Certain & Zilberg, PLLC, for her claims against the Defendants alleges the following:

## INTRODUCTION

This is a diversity action for monetary damages in negligence, strict products liability, breach of express and implied warranties, as well as pursuant to the private right of action authorized by New York General Business Law § 349 (herein after GBL § 349) and its prohibition against deceptive acts and practices concerning the Defendants' manufacture, distribution, sale and continuing obligations related to the subject cooking oil spray product that is claimed herein to be defective and unreasonably dangerous.

## PARTIES

1. At all times hereinafter mentioned, the Plaintiff, GRACE BOZICK, was and is a natural person who is a citizen of the State of New York, residing within the County, City and State of New York.

2. Upon information and belief at all relevant times, Defendants, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. were and/or are corporate entities duly organized and existing under the laws of the State of Delaware, who, at all relevant times, maintained their respective principal places of business at 222 Merchandise Mart Plaza, Chicago, Illinois, 60654.

3. Upon information and belief at all relevant times, both Defendants CONAGRA BRANDS, INC. and CONAGRA FOODS, INC. were registered with the New York State Secretary of State to conduct business within the State of New York as active Foreign Business Corporations, under DOS ID # 1009248.

1

4. CONAGRA FOODS, INC. and its successor entity CONAGRA BRANDS, INC., are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

5. Jurisdiction in this case is based upon CPLR § 302, see infra, diversity of citizenship, 28 U.S.C. §1332, in that: Plaintiff, GRACE BOZICK, is a citizen of the State of New York; Defendants, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. are, upon information and belief, entities incorporated in the State of Delaware also having their principal place of business within the State of Illinois and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) given that a substantial part of the events giving rise to the claim occurred within this Jurisdictional District and at all relevant times Defendants, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., transact business within the State of New York as well as within this Judicial District; and otherwise derive substantial revenue through their business contacts with this State and this Judicial District.

## FACTS

7. The Defendants designed, manufactured, produced, packaged, distributed and/or sold the subject model product, PAM® "the Original non-stick cooking spray," a 12 ounce, 340 gram no-stick cooking oil aerosol spray canister product sold in a printed shrink-wrapped two (2) pack (the subject model product).

8. The subject product is the subject model product that was sold and/or delivered to Plaintiff, GRACE BOZICK.

9. The Defendants tested the subject model product and inspected the subject product.

10. The subject product is labeled with UPC barcode number 6414403094.

11. The subject product is labeled with a United States Patent Pending number of 100393.

12. At all relevant times the Defendants advertised/claimed the subject model product was a "superior" no-stick cooking oil aerosol spray product.

13. The labeling of the subject model product indicates that it is a "superior" no-stick cooking oil aerosol spray.

14. The Defendants held themselves out to the consuming public as having special knowledge and skill in the design and manufacturing of no-stick cooking oil

aerosol spray products.

15. The contents of the canister of the subject model product by design are pressurized.

16. The Defendants' design utilized flammable propellant to dispense the no-stick cooking oil contained within the subject model product.

17. Given the Defendants' design and application of the subject product, the canister of said aerosol product constitutes a pressure vessel.

18. The Defendants designed the canister bottom of the subject model product with release vents.

19. The Defendants expected the subject product to be used and stored in the kitchen of the user.

20. The Defendants expected the subject product to be used in the process of cooking meals.

21. Prior to September 11, 2018 the Plaintiff, GRACE BOZICK, purchased the subject product.

22. The subject product reached Plaintiff, GRACE BOZICK in the condition in which it was designed and/or manufactured by the Defendants.

23. On September 11, 2018, while the Plaintiff, GRACE BOZICK, was in the process of preparing and serving a meal, the subject product, resting on a countertop, unexpectedly and without notice caused a fiery explosion in the kitchen of her home in the County, City and State of New York.

24. At all times prior to the above September 11, 2018 incident that is the subject of this action Plaintiff, GRACE BOZICK, used the subject product in conformity with its directions, as intended and as foreseeable to the Defendants.

25. As a result of the above malfunction and violent fiery explosion of the subject product the Plaintiff, GRACE BOZICK, sustained and suffered significant, serious, debilitating, permanent, and disfiguring injuries, including permanent scarring, physical limitations, extreme physical pain, discomfort, stiffness, dryness, loss of sensation, hypersensitivities and mental anguish, requiring medical care including hospitalization.

26. Additionally, Plaintiff has incurred past and will incur future medical care and treatment related expenses.

## COUNT I
## (NEGLIGENCE)

3

27. Plaintiff, GRACE BOZICK, repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

28. That the aforementioned incident which occurred on September 11, 2018, was the direct and proximate result of the negligence of Defendants and their agents, servants and/or employees, in the design, labeling, manufacture, fabricating, filling, distribution, and sale of the subject model product in general and the subject product in particular, which the Defendants knew or should have known was unreasonably dangerous, defective, and without adequate warning of the dangers, defects and risks associated with the subject model product.

29. Defendants were negligent in that they failed to properly conduct tests and inspections of the subject model product in general and properly inspect the subject product in particular.

30. That the above insufficiencies, inadequacies and/or defects which rendered the subject model product unfit for its intended purpose, ordinary use, and foreseeable uses were known to Defendants at the time of the subject incident.

31. That the above insufficiencies, inadequacies and/or defects which rendered the subject model product unfit for its intended purpose, ordinary use, and foreseeable uses were known to Defendants at the time that the subject product was purchased.

32. That the above insufficiencies, inadequacies and/or defects which rendered the subject model product unfit for its intended purpose and foreseeable ordinary uses, were known to Defendants at the time that the subject product was manufactured.

33. Defendants negligently failed to properly and adequately warn and properly instruct users of the risks, dangers and hazards associated with the subject model product.

34. Defendants further negligently failed to satisfy their continuing post-sale product safety duties towards said subject model product including the failure to report similar and substantially similar incidents associated with the subject model product, failures to issue adequate warnings, notices and/or take other prophylactic actions, including but not limited to issuing a recall, and to keep apprised of state of the art developments.

35. As a direct and proximate result of the Defendants' negligence, the Plaintiff has sustained damages.

36. The Defendants are liable to the Plaintiff, GRACE BOZICK, under the doctrine of Negligence.

**COUNT II**
**(STRICT PRODUCTS LIABILITY)**

4

37. Plaintiff, GRACE BOZICK, repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

38. At all times herein mentioned, and at the time of the design, manufacture, distribution and sale of the subject model product, the Product was defective as it was not reasonably safe and was neither fit for the purposes intended nor for reasonably foreseeable purposes and uses; did not conform with consumer expectations; risk associated with the subject product exceeded consumer expectations; was improperly and defectively designed; was defectively manufactured; failed to utilize appropriate safety features and/or alternatives; failed to utilize appropriate safety factoring; the risks of the 'vented' design outweighed the utility of said design feature, the subject product failed to be accompanied by proper and reasonably adequate instructions, directions and/or warnings concerning the preparation and use of the subject product, given the risks, dangers and hazards attendant to the use of Defendants' product; one or more of which were a substantial factor or a proximate cause of the aforesaid accident and injuries to Plaintiff, GRACE BOZICK.

39. The Defendants are liable to the Plaintiff, GRACE BOZICK, under the doctrine of Strict Products Liability.

## COUNT III
## (BREACH OF WARRANTY)

40. Plaintiff, GRACE BOZICK, repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

41. The Defendants through their public statements, advertising, marketing, branding efforts, packaging/product labeling, online materials, and printed materials issued express warranties with respect to the utility, safety, quality and functioning of their spray oil product and the subject model product in general and the subject product in particular.

42. Certain forms of the above materials are known to Defendants and in their possession and it is Plaintiff's reasonable belief that such materials shall be produced by Defendants in the course of discovery.

43. Defendants warranted that the aforesaid subject model product in general and the subject product in particular was a "superior" no-stick spray oil product, fit for a particular purpose and for the ordinary purpose for which the product is used and that proper and adequate warnings and safeguards respecting the risks, dangers and hazards associated with the use of the product were provided.

44. When Defendants made those express warranties, Defendants knew the purpose for which the subject product was to be used, and warranted it to be in all respects safe and proper for such purpose.

45. The subject cooking spray product that injured Plaintiff did not conform to Defendants' representations in that it is and was not safe for its intended use and as directed by Defendants' instructions.

46. On September 11, 2018 the subject product proved that it did not conform to the Defendants' product label, representations, promises, descriptions and the Defendants breached their warranty for a particular purpose with respect to the aforesaid product in that the subject product was defective, and unreasonably dangerous for its users.

47. Plaintiff, GRACE BOZICK relied upon said warranties and representations in her selection and use of Defendants' oil spray products including the subject product.

48. Had the Plaintiff, GRACE BOZICK known that the Defendants' product label, representations, promises, advertising, marketing, and/or descriptions were inaccurate, including the Defendants' representation that the subject product was effective and safe for use for cooking in the kitchen as directed, she would not have purchased or used the subject product.

49. Moreover the "superior" no-stick claims of the Defendants' were inaccurate in that the claimed "superior" no-stick spray oil product that is the subject of this action proved unsafe and ineffective for any of its claimed properties and purpose.

50. The Defendants are liable to the Plaintiff, GRACE BOZICK, under the doctrine of Breach of Warranty.

**COUNT IV**
**(BREACH OF IMPLIED WARRANTY)**

51. Plaintiff repeats, realleges and reiterates each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

52. Defendants impliedly warranted that the aforesaid product was of merchantable quality, safe and fit for the ordinary purpose for which the product is used and that proper and adequate warnings and safeguards respecting the potential risks dangers and hazards associated with the use of the product were provided.

53. On September 11, 2018 Defendants breached the implied warranty of merchantability with respect to the aforesaid no-stick oil spray product in that the subject product was defective, not of merchantable quality and unreasonably dangerous for its users in that the subject product's container failed and caused the subject fiery explosion.

54. The Defendants are liable to the Plaintiff, GRACE BOZICK, under the doctrine of Breach of Implied Warranty.

**COUNT V**

### (NEW YORK GENERAL BUSINESS LAW § 349
### DECEPTIVE ACTS AND PRACTICE)

55. Plaintiff, GRACE BOZICK, repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

56. Prior to the occurrence that is the subject of this action the Defendants received complaints, reports and/or information of occurrences concerning the product that is the subject of this action that are similar and/or substantially similar to the incident that is the subject of this action.

57. Prior to the occurrence that is the subject of this action the Defendants were aware of the dangerous propensities of the subject model product from prior occurrences.

58. Prior to the occurrence that is the subject of this action the Defendants knew that the subject model product as designed and manufactured was unreasonably dangerous.

59. Defendants failed to properly discharge their continuing post-sale/distribution duties arising under New York law to keep abreast of the state of the art.

60. Defendants failed to properly discharge their continuing post-sale/distribution duties arising under New York law to take prophylactic actions.

61. Defendants failed in their duty, arising under Section 15(b) of the Consumer Product Safety Act, to timely and properly report incidents related to the product that is the subject of this action and the hazards and risks that became known to Defendants.

62. Defendants misrepresented, concealed and/or failed to reveal material facts which were known to them with respect to the subject model product and its attendant hazards and risks.

63. Defendants' conduct in relation to the subject model product, violated the New York State General Business Law's (GBL) prohibition against unfair and deceptive trade practices pursuant to GBL § 349.

64. As a result of the aforesaid malfeasance and nonfeasance, the Defendants are liable to Plaintiff for damages in an amount to be determined by a jury at the time of trial in addition to an award of attorney's fees, pursuant to the provisions of New York General Business Law.

**WHEREFORE**, the Plaintiff, GRACE BOZICK demands judgment in negligence, strict products liability, breach of warranty and pursuant to the private right of action arising under GBL § 349 against the Defendants, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., for compensatory damages, statutory damages, including remedies available under 15 U.S.C. §2064, punitive damages in addition to attorney's fees, together with interest, costs and disbursements of this action.

**JURY DEMAND:** The Plaintiff demands a trial by jury on all issues so triable.

Dated:    New York, New York
          May 3, 2019

                                        Gary Certain, Esq. [GC-7509]
                                        Michael Zilberg, Esq.
                                        Certain & Zilberg, PLLC
                                        *Counsel to the Plaintiff BOZICK*
                                        New York, New York 10022
                                        Telephone: (212) 687-7800
                                        gcertain@certainlaw.com
                                        mzilberg@certainlaw.com

TO:

          CONAGRA FOODS, INC.
          222 MERCHANDISE MART PLAZA
          CHICAGO, ILLINOIS, 60654

          CONAGRA BRANDS, INC.
          222 MERCHANDISE MART PLAZA
          CHICAGO, ILLINOIS, 60654