

Emily Ambrose
Direct Dial: (612) 343-3263
E-Mail: eambrose@blackwellburke.com

*VIA ECF*

April 13, 2021

Honorable Lewis J. Liman
U.S. District Court Southern District of New York
500 Pearl Street
Brooklyn, New York 10007-1312

Re:     *Grace Bozick v. ConAgra Foods, Inc. et al.*, Case No. 1:19-cv-04045 (LJL) (S.D.N.Y.)

Honorable Judge Liman:

Conagra writes to the Court seeking relief after it became known Monday afternoon during a deposition that Plaintiff is relying on a fourth technical expert, Mr. Gregory J. Cahanin,[1] from whom Conagra never received a disclosure, or report, on November 2-3, 2020, or any time thereafter until April 12, 2021.

**Relevant Facts.** Conagra received four expert disclosures from Plaintiff by e-mail in early November 2020. It received disclosures from two technical experts, Dr. Thomas W. Eagar and Mr. William Kitzes, and one medical expert, Dr. Robert Tornambe, on November 2. Conagra received a fourth expert disclosure for Dr. Lester Hendrickson on November 3. The parties acted as though these were the only four Plaintiff's experts until Monday afternoon.

On November 4, Conagra sent Plaintiff's counsel an e-mail with follow up questions relating to the reports it had received, as well as attaching subpoenas as to all three technical experts. Mr. Cahanin, of course, was not mentioned. Similarly, on December 10, 2020, by letter to this Court relating to the expert schedule, Conagra expressly identified the names of the experts it believed were disclosed by Plaintiff on November 2-3, 2020, and again, no mention of Mr. Cahanin. (Doc. 57.) Plaintiff's counsel responded to the letter but made no correction to the list of Plaintiff's experts. (Doc. 58.) Plaintiff's counsel also provided reliance files via dropbox for the three *other* technical experts—but not for Mr. Cahanin.

When Conagra disclosed its own fire cause and origin expert, Dr. Sean Dee, on January 25, 2021, Dr. Dee's report expressly observed that none of Plaintiff's technical experts have offered an opinion or an analysis on the fire's origin and cause. Still, no correction from Plaintiff's counsel. Even when Dr. Dee was later deposed on March 11, 2021, Plaintiff's counsel still failed to notify Conagra, or Dr. Dee, of Mr. Cahanin's fire cause and origin report.

Despite countless communications regarding expert discovery, including multiple motions before

---

[1] For the purposes of this letter, Conagra refers to "technical experts" as the non-medical experts in the case.

April 13, 2021
Page 2

this Court, Plaintiff's counsel never hinted that he might be using Mr. Cahanin as an expert in this matter, or confirmed that he did not need to supplement Mr. Cahanin's reliance materials in the same manner as the other reports. Neither was Mr. Cahanin's report mentioned in any of the other expert's reliance materials.

Then, on April 12, 2021, during the deposition of what Conagra understood to be Plaintiff's third and final technical expert to be deposed, the witness, Dr. Eagar, offhandedly referenced an expert report from a fire origin and cause expert named Gregory J. Cahanin. When Conagra's counsel questioned the witness about the report – which, as noted above, was never received by Conagra – Plaintiff's counsel indicated that he had e-mailed Mr. Cahanin's reports to counsel for Conagra at 11:55 PM on November 2, 2021, from his personal e-mail address.

This e-mail was never received. Plaintiff's counsel provided a screen shot of the e-mail he contends to have sent, which appears to show two attachments – one that is 19 MB, and one that is 8 MB. The e-mail was ostensibly sent to Emily Ambrose and Timothy J. McHugh, counsel for Conagra, as well as some of Plaintiff's counsel, but the screen shot does not confirm the actual e-mail addresses to whom the e-mail was sent. Neither Ms. Ambrose, nor Mr. McHugh received the e-mail, presumably, because their e-mail systems do not accept such large e-mail attachments (more than 25 MB) from outside its server.[2] All other expert reports disclosed on November 2 and 3 were received, but all had much smaller file sizes.

Plaintiff's counsel claims that he had received an error message (or bounce back) e-mail from Mr. McHugh but not from Ms. Ambrose. Despite receiving the bounce back message from Mr. McHugh, he did not follow up with either Mr. McHugh or Ms. Ambrose. Plaintiff's counsel again tried to e-mail the same e-mail/attachments on April 12, and again, the e-mail did not go through to Ms. Ambrose, and again, Plaintiff's counsel claims he did not receive a bounce back message.[3]

**Service Was Not Completed Under Rule 5(b)(2)(E).** The Federal Rules stating that service may be made electronically by sending it through ECF or "sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, ***but is not effective if the filer or sender learns that it did not reach the person to be served***." Fed. R. Civ. P. 16(b)(2)(E) (emphasis added). The comments to the federal rules make it clear that it intentionally chose to not place a time limitation on the protection provided by the electronic service caveat, explaining that the caveat in Rule 5(b)(3):

> defeats service by electronic means if the party making service learns that the attempted service did not reach the person to be served. It says nothing about the time relevant to learning of the failure. The omission may seem glaring. Curing the omission, however, requires selection of a time.

---

[2] We learned of this event Monday afternoon, and so we have not been able to fully investigate information technology issues, if any, that may have caused the email to not be received.

[3] Plaintiff ultimately transmitted the reports through the "zoom" platform being used for the in-progress deposition. The report itself is not dated, does not include a certificate of service, and does not actually include a formal disclosure pleading.



April 13, 2021
Page 3

Fed. R. Civ. P. 5 Advisory Committee Notes to 2001 Amendments (internal quotation marks omitted).

Few published opinions address this kind of scenario, but the few courts to weigh in have followed the guidance of the comments and found service to be ineffective. In *Dedmon v. Continental Airlines, Inc.*, the District of Colorado struck portions of a Plaintiff's expert designations where they were not received in an initial July 2013 email and were only later supplemented in an October 2014 email that was received. No. 13-CV-0005-WJM-NYW, 2015 WL 1040521, at *4 (D. Colo. Mar. 6, 2015). Courts have only declined to enforce this rule where the receiving party should have been aware of papers that were served on them. *See Kolerski v. United States*, No. 06CV422S, 2007 WL 2325856, at *4 (W.D.N.Y. Aug. 13, 2007) (noting that plaintiff, who did not respond to a motion to compel expert disclosures, was aware they were due and "could have checked the docket by means of PACER to see the progress in the apparently dormant action.").

Plaintiff's counsel should have known that Conagra did not have the report based on any number of communications in the five months that followed the disclosure deadline. On the other hand, there was no way that Conagra could have known that it did not receive the alleged e-mail.[4] Because Plaintiff is now aware that Conagra did not receive the e-mail, service is ineffective pursuant to Rule 5(b)(2)(E), and the disclosure is therefore untimely under Rule 26(a)(2)(D), and the Court's schedule. (Doc. 46.)

**Conagra's Requested Relief.**

Exclusion of Mr. Cahanin. As the Court recognized in its March 30, 2021 Order (Doc. 68): "The time has come for discovery to end and for this case to go forward on the theories that Plaintiff disclosed, as she was required to, on November 2, 2020." As noted above, Mr. Cahanin was not disclosed until April 12, 2021, and therefore, he should be precluded for the same reasons and based on the same analysis as set forth in the Court's March 30, 2021 Order. *See also AmTrust N. Am., Inc. v. KF&B, Inc.*, No. 17-CV-5340 (LJL), 2020 WL 5578675, at *2 (S.D.N.Y. Sept. 16, 2020).

In the Alternative, Permit Limited Discovery and Rebuttal Reports. If the Court does not wish to grant this full relief, Conagra respectfully requests a 30-day extension of the current scheduled dates to allow Conagra to first take the deposition of Mr. Cahanin, followed by any rebuttal reports from Conagra's experts that would specifically address Mr. Cahanin's opinions. This is necessary to mitigate the prejudice that would otherwise result from the untimely disclosure.

Sincerely,
/s/ Emily A. Ambrose
Emily A. Ambrose

---

[4] The lack of a fire origin and cause expert was also not an obvious omission, as the plaintiff in *Urena v. ConAgra Foods, Inc.*, No. 16-cv-5556 (E.D.N.Y.), opted to not have a fire cause and origin expert, and Plaintiff's counsel in this case otherwise disclosed one of the same technical experts used by plaintiff in *Urena*, and appeared to be putting forth a similar case.



April 13, 2021
Page 4

cc:     All Counsel of Record Via ECF

The request for a 30-day extension of discovery to address the expert discovery identified
in Defendant's letter is GRANTED.

The request to exclude Plaintiff's expert, Gregory J. Kahanin, is DENIED.

The parties are directed to submit a proposed revise Case Management Plan and
Scheduling Order by April 23, 2021.

SO ORDERED. 4/19/2021.

_____
LEWIS J. LIMAN
United States District Judge

